IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWIGHT R. McMILLIAN,

      Petitioner,      OPINION AND ORDER

v.              09-cv-0327-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

      Respondent.

---

  Dwight McMillian has filed a document, with attachments, that this court has construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

  A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir.

1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir.1996). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

The subject of the petition is petitioner's conviction in Washburn County case 2002CF0113. Although the petition contains few procedural facts, records available electronically show that on October 22, 2003, petitioner was convicted after pleading guilty or no contest to one count of first degree sexual assault of a child. Petitioner was placed on probation with a withheld sentence of 10 years. He remained on probation until March 3, 2005, when his probation was revoked. On January 27, 2006, he was sentenced to prison. Wisconsin Circuit Court Access, Washburn County case 2002CF0113 (docket sheet available electronically at http://wcca.wicourts.gov). It appears that petitioner did not file a timely appeal of the original conviction or sentence or the sentence-after-revocation.

In his federal petition, petitioner contends that his plea was not entered knowingly or intelligently because he was not aware at the time of the results from the medical examination of the victim, which found nothing to suggest that she had been sexually abused. (It is unclear whether petitioner is blaming his lawyer or the prosecutor for failing to show him this report.) In addition, petitioner contends that the court accepted his plea

without first ascertaining whether it had a factual basis and that a witness committed perjury at his preliminary hearing.

These last two claims do not state the violation of any constitutional right. As the court explained in Higgason v. Clark, 984 F.2d 203, 207 (7th Cir. 1993), the establishment of a factual basis for a plea is not a constitutional requirement. All the constitution requires is that the plea "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As for petitioner's claim that a witness committed perjury at the preliminary hearing, petitioner does not support his accusations of perjury with any facts and in any case, a defendant does not enjoy a constitutional right to a preliminary hearing at all. Odell v. Burke, 281 F.2d 782, 786 (7th Cir. 1960) (citations omitted). Accordingly, defects in that hearing cannot form the basis of a petition for federal habeas relief.

Petitioner's remaining claim, that his plea was invalid because he was not aware of the medical report, also falls short of establishing a deprivation of his constitutional rights. As an initial matter, petitioner's assertion that he "knew nothing" of the results of the physical examination of the victim is inherently suspect. Although it is conceivable that petitioner did not actually *see* a copy of the report, it would be highly unusual for a defense attorney to allow his client to enter a plea without advising him of such favorable evidence, or for a prosecutor to hide such evidence from the defense. Second, the fact that the doctor who examined the victim found no injuries or trauma that would suggest sexual abuse does

not necessarily establish petitioner's innocence, as petitioner asserts. This court is aware of many cases of abuse in which no physical evidence is found.

Apart from this, petitioner has alleged no facts to suggest that he would not have entered a plea had he seen the medical examination report. To state either a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), or a claim that the prosecutor violated petitioner's due process rights under Brady v. Maryland, 373 U.S. 83 (1963), petitioner must establish a reasonable probability that if he had seen the medical report, he would not have pleaded guilty and instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 60 (1985) (ineffective assistance of counsel context); Strickler v. Greene, 527 U.S. 263, 289 (1999) (Brady context); McCann v. Mangialardi, 337 F.3d 782, 787 (7th Cir. 2003) (noting that although Supreme Court has yet to address whether Brady applies to disclosures outside context of trial, Court's decision in United States v. Ruiz, 536 U.S. 622 (2002), suggests it does). To make such a showing, petitioner must allege specific facts and cannot rest on mere conclusory allegations. Hill, 474 U.S. at 60 (noting that petitioner had alleged no special circumstances that might support conclusion that he placed particular emphasis on parole eligibility in deciding whether to plead guilty). Petitioner has not done this. His failure to provide any information about the plea negotiations or the reasons he decided not to go to trial makes it impossible for this court to infer more than the mere possibility of misconduct by either the prosecutor or defense counsel with respect to the medical report. Such allegations are

insufficient to state a colorable constitutional claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In any case, even assuming for the sake of argument that petitioner has alleged facts sufficient to support his claim that his plea was not entered knowingly, there are other problems with his petition. First, it appears that petitioner has not exhausted his state court remedies, which he must do before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A); Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). Principles of comity require that a habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights."' Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n.28, (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982).

In his petition, petitioner asserts that he asked the state circuit court for an evidentiary hearing on his claim but has heard nothing in response. When a petitioner claims that he cannot obtain relief from the state courts, the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993). A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995). Petitioner does not allege that he attempted to refile his motion or petitioned the Wisconsin Court of Appeals for relief. Wis. Stat. § 974.06, Wisconsin's primary mechanism for collateral relief, affords petitioner a vehicle by which he can present his claims to the state courts. He must utilize this procedure and exhaust his state court appeals before bringing a federal habeas petition.

Finally, even if petitioner was to exhaust his state court remedies and file a new petition with facts sufficient to state a claim for relief, he is unlikely to obtain relief because it appears that his claim is untimely. In general, a state prisoner has one year from the date his conviction becomes final in which to file a federal habeas petition challenging that conviction. 28 U.S.C. § 2244(d)(1)(A). By my rough calculation, petitioner's deadline for filing a federal habeas petition expired on December 1, 2004, a year after the expiration of his deadline for filing an appeal of his conviction. Although 28 U.S.C. § 2244(d)(1) sets forth alternative dates on which the one-year limitations period may begin running,

petitioner has made no showing that any of these alternative dates apply to him. In theory, petitioner might be able to argue that the statute of limitations began running when he first discovered the existence of the medical report, but to do this successfully, he would have to show that he could not have discovered the report or its contents any earlier than he did. 28 U.S.C. § 2244(d)(1)(D). In any case, it is unnecessary to resolve the timeliness question because I am dismissing the petition on other grounds.

## ORDER

IT IS ORDERED that the petition of Dwight McMillian for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to allege facts sufficient to show that he is in custody in violation of his constitutional rights and for his failure to exhaust his state court remedies. Petitioner must exhaust his state court remedies before filing any new petition for habeas relief.

Entered this 11th of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge